UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY CORNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-1954-CDP |
| | ) | |
| JASON LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on petitioner Larry Corner's application for writ of habeas pursuant to 28 U.S.C. § 2241.[1] For the reasons explained below, I will dismiss the petition because petitioner has failed to exhaust his administrative remedies.

### Background

Petitioner is a state prisoner who is presently incarcerated in the Southeast Correctional Center (also "SECC"). In 2006, he began serving a 22-year sentence following convictions in the Circuit Court of St. Louis, Missouri on charges of first degree robbery, first degree burglary, and felonious restraint. In 2011, while in state custody, he began engaging in activity that caused him to be charged in federal court with one count of Conspiracy to Commit Offenses Against the United States, and one count of Identity Theft. *U.S. v. Larry Corner,* No. 4:14-cr-118-CDP (E.D. Mo. 2014). On August 19, 2014, he pleaded guilty to both counts. On November 4, 2014, I sentenced him to a term of 24 months on each count, to be served concurrently, and I ordered his federal sentence to run consecutively to his state sentence.

### The Petition

---

[1] Petitioner names Jason Lewis, his current custodian, as the respondent in this action. However, in his petition, he clearly states his intent to bring this action pursuant to 28 U.S.C. § 2241 to challenge the execution of his federal sentence.

In the instant petition, petitioner states he is seeking "nunc pro tunc action," and he asks me to "designate the Southeast Correctional Center . . . as the place to serve his federal sentence." (Docket No. 1 at 1-2). He states he seizes upon language from a 1989 Bureau of Prisons Program Statement "concerning the designation of a state institution as the place for the service of his federal sentence violates the Bureau's duty to treat all prisoners fairly." *Id.* at 2. He does not state that he has presented a claim to the Bureau of Prisons (also "BOP"). He argues that "redesignation of the state prisoner where he is spending more time than the district court ordered to be served in a federal facility would plainly affect the absolute term of his confinement as well as his right to parole." *Id.* at 2. He concludes by asking me to "order (SECC), a state facility at Charleston Mo. a place to serve his federal sentence concurrently, with credit for time served." *Id.*

## Discussion

The United States Attorney General, through the BOP, is responsible for imprisoning federal offenders and computing their sentences. *U.S. v. Wilson*, 503 U.S. 329, 331-337 (1992), 28 C.F.R. § 0.96 (2006). The BOP is also responsible for designating the official detention facility where a defendant will serve his federal sentence. *Reno v. Koray*, 515 U.S. 50, 58 (1995), 28 C.F.R. § 0.96(c). A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP. *Mathena v. U.S.*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *U.S. v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam) and *Rogers v. U.S.*, 180 F.3d 349, 357 (1st Cir. 1999)). Here, petitioner does not aver, nor does it appear, that he has presented his claim to the BOP. Therefore, I must conclude that petitioner did not exhaust his administrative remedies, and I will dismiss his petition without prejudice. *See id.*

Additionally, when I sentenced petitioner in his federal case, I specifically ordered that the sentence run consecutively to his state sentence. Granting the relief he seeks would allow the sentence to be served concurrently, which was not my intent, so even if the request were properly before me, I would deny it.

I have considered whether to issue a certificate of appealability. To do so, I must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner herein has made no such showing. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the instant petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 relating to the execution of petitioner's federal sentence is **DENIED.** A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 4th day of February, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE